IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>vs.<br><br>LISA J. SCHUTTE,<br><br>                       Defendant. | 4:14-CR-3085<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 196) and moved for a downward departure or variance (filing 197).

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report on two grounds. First, she objects to the calculation of the weight of pseudoephedrine for which she should be held responsible, contending that she should not be held responsible for purchases she made for personal use. Filing 196 at 1. If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this objection on the evidence presented at sentencing.

Second, the defendant objects to the presentence report's finding that she should receive a role adjustment as a minor, but not minimal, participant. Filing 196 at 1. The burden of establishing a role adjustment as a minor or minimal participant rests with the defendant. *See United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012). To qualify for a minimal participant adjustment under § 3B1.2(a), the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007). With those principles in mind, the Court will resolve this objection at sentencing.

3.    The defendant also moves for a downward departure or variance. She argues that her medical condition warrants a downward departure under U.S.S.G. §§ 5H1.3 and 5H1.4. Filing 197 at 1. She argues that her responsibility as the sole surviving parent of a child warrants a downward departure under U.S.S.G. § 5H1.6. Filing 197 at 1. And she contends that all of those circumstances also warrant a downward variance pursuant to 18 U.S.C. § 3553(a). Filing 197 at 1. The Court will resolve that motion at sentencing.

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 2nd day of October, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge